UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMBER E. THIGPEN, et al.,

    Plaintiffs,

v.

LOREN Z. CLAYMAN, M.D., et al.,

    Defendants.

Case No. 3:17-cv-01415-J-BJD-MCR[1]
3:18-cv-00011-J-HLA-JBT
3:18-cv-00012-MMH-JBT
3:18-cv-00013-MMH-JRK
3:18-cv-00014-HLA-JRK
3:18-cv-00015-TJC-JBT
3:18-cv-00016-HES-PDB
3:18-cv-00017-BJD-JRK
3:18-cv-00018-BJD-PDB
3:18-cv-00019-HLA-JBT
3:18-cv-00020-HES-MCR
3:18-cv-00021-HES-PDB
3:18-cv-00022-MMH-JBT
3:18-cv-00023-MMH-PDB
3:18-cv-00024-HES-PDB
3:18-cv-00025-TJC-PDB
3:18-cv-00026-HES-PDB
3:18-cv-00027-HES-MCR
3:18-cv-00028-BJD-MCR
3:18-cv-00029-MMH-PDB
3:18-cv-00030-HLA-JRK
3:18-cv-00031-HLA-PDB
3:18-cv-00032-MMH-JRK
3:18-cv-00033-HES-PDB
3:18-cv-00034-TJC-PDB
3:18-cv-00035-TJC-MCR
3:18-cv-00036-BJD-JRK
3:18-cv-00037-HES-JRK
3:18-cv-00038-HLA-JRK
3:18-cv-00039-MMH-MCR

---

[1] To save space, the number but not the style of the remaining cases are listed.

3:18-cv-00040-BJD-PDB
3:18-cv-00041-TJC-JRK
3:18-cv-00042-HES-PDB
3:18-cv-00043-HES-MCR
3:18-cv-00044-BJD-JRK
3:18-cv-00045-MMH-JBT
3:18-cv-00046-HES-JRK
3:18-cv-00047-TJC-JBT
3:18-cv-00048-TJC-PDB
3:18-cv-00049-TJC-PDB
3:18-cv-00050-HLA-JRK
3:18-cv-00051-TJC-JRK
3:18-cv-00052-HLA-MCR
3:18-cv-00053-BJD-JRK
3:18-cv-00054-HES-PDB
3:18-cv-00055-HLA-JBT
3:18-cv-00056-HES-MCR
3:18-cv-00057-HLA-MCR
3:18-cv-00058-TJC-PDB
3:18-cv-00059-TJC-JBT
3:18-cv-00060-HES-JBT
3:18-cv-00061-BJD-MCR
3:18-cv-00062-MMH-PDB
3:18-cv-00063-BJD-JBT
3:18-cv-00064-BJD-JBT
3:18-cv-00065-HLA-JRK
3:18-cv-00066-HES-PDB
3:18-cv-00067-TJC-JBT
3:18-cv-00068-BJD-MCR
3:18-cv-00069-TJC-MCR
3:18-cv-00070-BJD-JBT
3:18-cv-00071-HLA-JBT

_____/

## OMNIBUS ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court <u>sua sponte</u> over its concern regarding the existence of subject matter jurisdiction. The Court also considers Defendants Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC's Agreed Motion to Suspend all Deadlines and Stay Proceedings Pending Disposition of Motions to Dismiss in Similar

Pending Actions (Allergan's Motion to Stay).[2] With the consent of my colleagues in the Jacksonville Division, the undersigned will hear and decide the issues surrounding the issue of this Court's subject matter jurisdiction and Allergan's Motion to Stay. Allergan's Motion to Stay seeks an enlargement of time and stay of all deadlines pending resolution of "Defendants' Motions to Dismiss in other actions pending in this district." Id. at 1. The parties agreed that the rulings in those motions to dismiss will assist the parties in resolving related cases by obviating their need to file, and for the Court to consider, motions to dismiss in each case.[3]

In deciding whether to grant a stay, "courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." eCOMSYSTEMS, Inc. v. Shared Mktg. Servs., Inc., No. 810-CV-1531-T-33AEP, 2011 WL 280942, at *2 (M.D. Fla. Jan. 26, 2011). "The party requesting stay 'bears the burden of establishing its need.'" Ricks v. Allied Interstate, LLC, No. 316CV00205HESPDB, 2016 WL 4505173, at *1 (M.D. Fla. July 11, 2016) (quoting Clinton v. Jones, 520 U.S. 681, 708 (1997)). "[T]he power to stay proceedings is incidental to the power inherent in every

---

[2] Defendants filed motions to stay in all but three cases pending in this Division, however, no motion to dismiss as yet been filed with the exception of case number 3:17-cv-01415-J-BJD-MCR. Defendants state that they will file motions to dismiss in the three following cases: 3:18-cv-00058-TJC-PDB; 3:18-cv-00020-HES-MCR; and 3:18-cv-00048-TJC-PDB. In the cases in which Defendants intend to file a motion to dismiss Defendants did not seek a stay.

[3] Defendants removed 63 cases starting with Katz v. Clayman, M.D., 3:17-cv-1398-J-39MCR from state court to this Court regarding the implantation of saline filled breast implants (the "Allergan Cases"). The Clerk of the Court shall enter this Order into all of the removed Allergan cases.

court to control the disposition of the causes on its docket . . . ." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In this case, the parties agree that none of the parties will be prejudiced by a stay, and that a stay will streamline the resolution of this and other related cases, which in turn will reduce the burden of litigation on the parties and the Court.

Yet, the most pressing reason to stay this case is that a stay may prevent the potential needless expenditure of judicial and litigant resources in these cases in the event the Court lacks subject matter jurisdiction. In Katz v. Clayman, M.D., 3:17-cv-1398-J-39MCR (January 30, 2018, Document 16), the undersigned held that the Court lacked subject matter jurisdiction because there was a lack of complete diversity among the parties. While the parties in the case at bar have not challenged the Court's subject matter jurisdiction nor moved for remand, the Court must ensure that it has subject matter jurisdiction before reaching the merits of cases before it. See Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."). It appears that the entirety of the Allergan cases may suffer from the same jurisdictional defect as that found in Katz v. Clayman, M.D., 3:17-cv-1398-J-39MCR. Before addressing the merits of Allergan's potential motions to dismiss, the Court must ascertain whether it has subject matter jurisdiction over the Allergan Cases.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendants Allergan, Inc., Allergan USA, Inc., and Allergan Sales, LLC's Agreed Motion to Suspend all Deadlines and Stay Proceedings Pending

Disposition of Motions to Dismiss in Similar Pending Actions is **GRANTED to the extent that** the Allergan Cases are hereby **STAYED** until the Court has determined whether it has jurisdiction over these cases.[4]

2. On or before **February 20, 2018**, the parties shall **SHOW CAUSE** why this case, and those removed along with it (the Allergan Cases), should not be remanded to state court for lack of subject matter jurisdiction.

3. The Clerk of the Court shall file this Order in all removed Allergan Cases beginning with case Thigpen v. Clayman, M.D., 3:17-cv-1415-J-39MCR.

**DONE** and **ORDERED** in Jacksonville, Florida this 31st day of January, 2018.

_____
BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

The Honorable Henry L. Adams
The Honorable Timothy J. Corrigan
The Honorable Marcia M. Howard
The Honorable Harvey E. Schlesinger

Counsel of Record

---

[4] Though Allergan did not file motions to stay in all of the Allergan Cases, the Court will stay the deadlines in all of the Allergan cases pending further order of the Court.